UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARAH BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-CV-07118 |
| v. ) | |
| ) | Judge Shah |
| CLARITY CLINIC LLC, CLARITY ) | |
| CLINIC ARLINGTON HEIGHTS, LLC, ) | |
| and PAVAN PRASAD, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S VERIFIED MOTION FOR LEAVE TO ALLOW
ALTERNATE SERVICE OF COMPLAINT**

Plaintiff, through her attorneys, requests leave pursuant to Fed. R. Civ. P. 4(e)(1) and 735 ILCS 5/2-203.1 to allow alternate service of her Complaint on Defendant PAVAN PRASAD ("Defendant"). In support of this motion, Plaintiff's counsel submits her Declaration as Exhibit A, and Plaintiff states as follows:

1. Plaintiff brought claims under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.,* and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/2-101, *et seq.* ECF No. 1.

2. Plaintiff has made diligent efforts to obtain personal service, but as detailed below, Plaintiff's attempts have not been successful. Ex. A, Villanueva Decl., at ¶4. Plaintiff now seeks leave to serve Defendant by alternative means pursuant to Rule 4(e)(1) and 735 ILCS 5/2-203.1.

3. Plaintiff has made the following diligent efforts to serve Defendant:

    a. On November 5, 2019, Plaintiff's counsel had a summons issued to Defendant. See Attachment 1 to Ex. A, attached hereto. A copy of the summons and Complaint

1

were given to Tri County Investigations, licensed process servers, on November 5, 2019. Ex. A, Villanueva Decl., at ¶ 5(a).

    b.  On the following dates, process server, William Rivera, attempted to serve Defendant at various times throughout the day at Defendant's place of business, but he was unable to effectuate service:

- November 19, 2019;
- November 22, 2019;
- November 25, 2019;
- November 27, 2019;
- November 29, 2019;
- November 30, 2019;
- December 6, 2019;
- December 9, 2019;
- December 11, 2019; and
- the last attempt was made on December 12, 2019.

See Attachment 1 to Ex. A, attached hereto. On November 30, 2019, while attempting to serve Defendant, Rivera spoke with an individual who identified himself as Morris. *Id.* At that time Morris stated he was the only person in the office and that he would accept service on Defendant's behalf. *Id.* Rivera left a courtesy copy of the Complaint and Summons with Morris on November 30, 2019. *Id.* On December 6, 2019, while attempting to serve Defendant, Rivera spoke with Morris who stated he was the only one in the office that day and confirmed that the copy of the Summons and Complaint previously left with him was provided to the Defendant. *Id.* On December 6, 2019 Morris stated that Defendant would be in the office on December 9, 2019 at 2:00 p.m. *Id.* Process

server Rivera attempted to serve Defendant on December 9, 2019 at 2:15 p.m. but was told that Defendant was not in the office. *Id.*

      c.      Tri County Investigations informed Plaintiff's Counsel that it was unable to serve Defendant at the address provided. See Attachment 1 to Ex. A.

4.      As a result of Plaintiff's inability to obtain service, Plaintiff now seeks leave under Fed. R. Civ. P. 4(e)(1) and 735 ILCS 5/2-203.1 to allow alternate service of her Complaint on Defendant by the following alternative means:

      a.      Serving Defendant by United States Mail at Defendant's business address: 333 N. Michigan Ave., Suite 1400, Chicago, IL 60601;

      b.      Serving Defendant by United States Mail at the address listed for him on the Secretary of State website as the registered agent for Defendant Clarity Clinic: 1 E. Superior St., Ste. 306, 60611.

5.      Defendant is already aware of the lawsuit. Defendant is the registered agent of Clarity Clinic, LLC and an owner of Defendants Clarity Clinic, LLC and Clarity Clinic Arlington Heights, LLC, both of which have been served in this matter. The process server also left a copy of the Summons and Complaint at Defendant's business address located at 333 N. Michigan Ave., Suite 1400, Chicago, IL 60601 on November 30, 2019. See Attachment 1 to Ex. A. In addition, Plaintiff provided Defendant copies of the Motions for Default filed against Defendants Clarity Clinic, LLC and Clarity Clinic Arlington Heights, LLC (ECF Nos. 11 and 13) via federal express on December 6, 2019. See Attachment 2 to Ex. A.

6.      Plaintiff will also include with her mailings a copy of the Court's Order allowing service by alternate means. Such process is consistent with the laws of the State of Illinois, 735 ILCS 5/2-203.1, and is consistent with due process.

3

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court grant Plaintiff leave to allow alternate service of her Complaint on Defendant Pavan Prasad.

                Respectfully submitted,

Dated: December 13, 2019        /s/Jacqueline H. Villanueva
                                             One of Plaintiff's Attorneys

Douglas M. Werman - dwerman@flsalaw.com
Maureen A. Salas - msalas@flsalaw.com
Sarah J. Arendt - sarendt@flsalaw.com
Jacquelin H. Villanueva – jvillanueva@flsalaw.com
**WERMAN SALAS P.C.**
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008
*Attorneys for Plaintiff*