IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| **SARAH BAKER** | ) Case No. 1:19-cv-07118 |
| Plaintiff, | ) |
| v. | ) Honorable Judge Manish Shah |
| | ) |
| **CLARITY CLINIC LLC, CLARITY CLINIC** | ) Magistrate Judge |
| **ARLINGTON HEIGHTS, LLC, and PAVAN** | ) Honorable Gabriel A. Fuentes |
| **PRASAD, M.D.,** individually | ) |
| Defendants. | ) |

**<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

1.      Under Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, Defendants Clarity Clinic Arlington Heights, LLC ("Arlington Heights") and Dr. Pavan Prasad file their Motion for Summary Judgment.

2.      Plaintiff Sarah Baker's Complaint suffers simple – but fatal – defects. Count IV Illinois Human Rights Act ("IHRA") claim against Dr. Prasad fails as a matter of law, because Dr. Prasad is not an "employer" under the IHRA for alleged pregnancy discrimination.

3.      Additionally, all claims against Arlington Heights fail (including Plaintiff's Count I-IV under Title VII of Civil Rights Act of 1964 ("Title VII") and the IHRA) because Arlington Heights did not employ Plaintiff.

4.      Accordingly, Dr. Prasad is entitled to summary judgment under Count IV, and Arlington Heights is entitled to summary judgment on all Counts.

**I.      Statement of relevant and undisputed facts.**

5.      Clarity Clinic, LLC ("Clarity Clinic") hired Plaintiff as the Director of Marketing to launch and build its non-profit organization on November 6, 2017. *See* DSF ¶ 3.[1] Clarity Clinic and Clarity Arlington Heights are therapy and psychiatric treatment centers, and are separate legal

---

[1] References to "DSF ¶ ___" are to Defendants' Rule 56.1 Statement of Material Facts.

entities. *Id.* ¶¶ 1–2. Plaintiff signed an employment agreement with Clarity Clinic, to which Arlington Heights was not a named party. *Id.* ¶ 4. Plaintiff was not hired by Arlington Heights. *Id.* ¶¶ 5–6. On June 8, 2018, Plaintiff was terminated by Clarity Clinic. *Id.* ¶ 7. Plaintiff's direct supervisor and Clarity Clinic's Chief Operating Officer, David Bodzin, told Plaintiff that her employment was being terminated because Clarity Clinic was eliminating its non-profit organization. *Id.* ¶ 8. Dr. Prasad was not present when Plaintiff was notified her employment was being terminated, nor did he make the termination decision. *Id.* ¶ 9. Arlington Heights did not terminate Plaintiff. *Id.* ¶ 7.

## II. Summary judgment should be granted because Dr. Prasad is not individually liable for alleged pregnancy discrimination and Arlington Heights did not employ Plaintiff.

6. Summary judgment should be granted because neither Dr. Prasad nor Arlington Heights employed Plaintiff. Summary judgment secures a just and speedy determination. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue as to any material fact. FED R. CIV. P. 56. The mere existence of a scintilla of evidence to support a plaintiff's position is insufficient to avoid summary judgment; there must be evidence on which a jury could reasonably find for the plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). If the moving party properly supports its motion for summary judgment, the nonmoving party must "come forward with specific facts showing that there is a genuine issue for trial." *Chaib v. Indiana*, 744 F.3d 974, 981 (7th Cir. 2014). And "[s]tatements of 'beliefs' or 'opinions' are insufficient to create a genuine issue of material fact." *Geraty v. Village of Antioch*, 941 F. Supp. 2d 918, 927 (N.D. Ill. 2013) (citations omitted). To withstand summary judgment, the nonmoving party must offer more than a mere "scintilla of evidence;" there must be evidence upon which the jury could find for the party opposing the motion. *See Anderson,* 477 U.S. at 252.

7. Here, there is no such dispute: there is no individual liability under the IHRA for an allegation of pregnancy discrimination and Arlington Heights did not employ Plaintiff.

**A. Plaintiff's IHRA pregnancy discrimination claim against Dr. Prasad fails because Dr. Prasad is not an employer under the IHRA.**

8. Plaintiff's IHRA pregnancy discrimination claim against Dr. Prasad fails, as Plaintiff cannot assert that Dr. Prasad is a covered employer. The IHRA makes it a "civil rights violation . . . [f]or an *employer* to . . . discharge, discipline, tenure or terms, privileges or conditions of employment on the basis of pregnancy. . . ." 775 ILCS 5/2-102(I) (emphasis added). For purposes of this provision, the IHRA defines the term "employer" including "any person employing one or more employees within Illinois. . . ." 775 ILCS 5/2-101(B)(1)(a). After conducting a thorough analysis, the court in *Kozlowski* dismissed an individual for an alleged pregnancy discrimination claim under the IHRA because the employee's "boss" was not an "employer." *Kozlowski v. Greenridge Farm, Inc.*, 338 F. Supp. 3d 828, 834–35 (N.D. Ill. 2018).

9. Similarly, here, Plaintiff's claim in Count IV against Dr. Prasad fails as a matter of law. A "boss" is not an "employer." Regardless, Mr. Bodzin was Plaintiff's direct supervisor at the time of her termination. *See* DSF ¶ 8. And Dr. Prasad was not included in Clarity Clinic's termination of Plaintiff's employment. *Id.* ¶¶ 8–9. Because there is no evidence that Dr. Prasad is an "employer" under the IHRA, Plaintiff cannot establish a *prima facie* claim of IHRA pregnancy discrimination against Dr. Prasad. Accordingly, Dr. Prasad is entitled to summary judgment as a matter of law on Plaintiff's Count IV.

**B. Arlington Heights was not Plaintiff's employer.**

10. Arlington Heights is not a proper party to this litigation because it did not employ Plaintiff. The Northern District applies agency law to Title VII and IHRA employer-employee relationship issues, which refer "to the economic realities of the relationship and the degree of

3

control the employer exercises over the alleged employee." *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 930 (7th Cir. 2017) (dismissing an IHRA sexual harassment claim because the defendants in question were not the plaintiff's employer); *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991). The seventh circuit in *Nischan* explained the factors:

> (1) the extent of the employer's control and supervision over the worker, including directions on scheduling and performance of work; (2) the kind of occupation and nature of skill required, including whether skills are obtained in the workplace; (3) responsibility for the costs of operation, such as equipment, supplies, fees, licenses, workplace, and maintenance of operations; (4) method and form of payment and benefits; and (5) length of job commitment and/or expectations.

*Id.* at 378–79. Within this factor, the "key powers" are hiring and firing. *Id*. at 929 (citation omitted).

11.   Here, it is evident from Plaintiff's employment agreement that Clarity Clinic was her sole employer. *See* DSF ¶¶ 4–8. When Plaintiff's role was eliminated, she was notified of her termination by two Clarity Clinic employees at the Clarity Clinic office location. *Id.* ¶ 8. And Clarity Clinic paid Plaintiff's compensation and benefits. *Id.* ¶ 6. Thus, Arlington Heights was not Plaintiff's employer and summary judgment should be granted.

**III.   Conclusion**.

12.   For the reasons stated above, Defendants respectfully request that the Court grant summary judgment and dismiss with prejudice Dr. Prasad from Count IV and Arlington Heights from the entirety of the Complaint.

Dated: February 12, 2020

                                            Respectfully submitted,

                                            By:    s/ Amit Bindra
                                                          One of Defendants' Attorneys

The Prinz Law Firm, P.C.
Kristen E. Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
Remy Snead (rsnead@prinz-lawfirm.com)
1 East Wacker Drive, Suite 2500
Chicago, IL 60601
P: (312) 212-4450
F: (312) 284-4822

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of Defendants' Motion for Summary Judgment was served via the Court's CM/ECF system to the attorneys of record for Plaintiff on February 12, 2020.

Dated: February 12, 2020

                                                Respectfully submitted,

                                                By:    s/ Amit Bindra_____
                                                             One of Defendants' Attorneys

The Prinz Law Firm, P.C.
Kristen E. Prinz (kprinz@prinz-lawfirm.com)
Amit Bindra (abindra@prinz-lawfirm.com)
Remy Snead (rsnead@prinz-lawfirm.com)
1 East Wacker Drive, Suite 2500
Chicago, IL 60601
P: (312) 212-4450
F: (312) 284-4822